# In the
# United States Court of Appeals
## For the Seventh Circuit

———————

No. 03-3928

UNITED STATES OF AMERICA,

*Plaintiff-Appellee*,

v.

JAHNERIA P. SINGLETARY,

*Defendant-Appellant.*

———————

Appeal from the United States District Court
for the Southern District of Illinois.
No. O1 CR 40076—**J. Phil Gilbert**, *Judge.*

———————

ARGUED JUNE 17, 2004—DECIDED AUGUST 6, 2004

———————

Before FLAUM, *Chief Judge*, and MANION and WILLIAMS, *Circuit Judges*.

FLAUM, *Chief Judge*. On April 28, 2003, Jahneria Singletary pled guilty to conspiracy to distribute five grams or more of crack cocaine. She now appeals her sentence, as well as the district court's ruling on a motion in limine made prior to her guilty plea. For the reasons stated herein, we remand the case for resentencing.

## I. Background

Throughout the spring and summer of 2001, Jahneria Singletary was romantically involved with Prentice Washington. In May 2001, Washington moved into Singletary's campus apartment at Southern Illinois University. Washington soon began using both Singletary and her apartment to facilitate the distribution of crack cocaine that he purchased in Chicago and sold in southern Illinois.

According to Washington, he frequently stored crack cocaine and drug proceeds at Singletary's apartment. Singletary was aware of this, and even purchased a table for Washington to use to cut and package the cocaine when she tired of him using her kitchen table for that purpose. Washington invited his distributors to come to Singletary's apartment to obtain cocaine, and if Washington was not present, Singletary provided cocaine to the distributors. When Washington traveled to Chicago to purchase the cocaine, he either used Singletary's car or a car Singletary rented for him. Singletary further aided in the drug sales by providing Washington with a cellular phone to use for his business calls, wiring drug proceeds to Chicago, and transporting approximately 250 grams of cocaine from Chicago to southern Illinois on one occasion.

Washington and Singletary's relationship terminated at the end of the summer when Singletary became pregnant with Washington's baby. By September, Washington was living in a new house and had a new girlfriend. Around this time an angry Singletary began planning to rob Washington of his cocaine and drug money. Singletary eventually recruited her friend, Taffia Cunningham, to be part of the robbery. Taffia Cunningham then enlisted the help of her brother, Tyree, and two other individuals. On September 8, 2001, the group took Washington's girlfriend hostage and used her to gain entry into Washington's apartment. In the chaos that followed, Washington shot and killed Tyree Cunningham.

Singletary was subsequently charged with one count of conspiracy to possess and distribute crack cocaine and one count of carrying a firearm during and in relation to a drug trafficking crime. Five days before her trial was scheduled to begin, Singletary moved to sever the two counts against her and to exclude evidence regarding the murder of Tyree Cunningham from the conspiracy trial. The district court denied this motion. Three days before Singletary's trial was set to commence, she notified the government of her intention to plead guilty to the conspiracy count against her. On April 28, 2003, the scheduled trial date, Singletary did plead guilty to one conspiracy count and the government dropped the remaining charge. Singletary was sentenced to 204 months' imprisonment based upon the district court's findings that Singletary did not qualify for a three-point sentence reduction for acceptance of responsibility and that her relevant conduct included between 500 grams and 1.5 kilograms of crack cocaine. Singletary now appeals.

## II. DISCUSSION

Singletary begins by challenging the district court's refusal to exclude evidence of Tyree Cunningham's murder from Singletary's trial. Interestingly, Singletary does not dispute the district court's ruling on her motion to sever the two counts against her. Considering that Singletary's trial was to encompass both her conspiracy to distribute crack cocaine, as well as her use of a firearm during the drug-related robbery of Washington on September 8, any claim that the resulting death of Tyree Cunninham was irrelevant is without merit. In any case, Singletary's claim must fail because when she pled guilty she did not reserve this issue for appeal and it is therefore waived. *See* Fed. R. Crim. P. 11(a)(2) ("With the consent of the court and the government, a defendant may enter a conditional plea of guilty or nolo contendere, reserving in writing the right to

have an appellate court review an adverse determination of a specified pretrial motion"); *see also United States v. Sowemimo*, 335 F.3d 567, 570 (7th Cir. 2003); *United States v. Cain*, 155 F.3d 840, 842 (7th Cir. 1998).

We next turn to Singletary's two remaining claims which consist of challenges to the district court's application of the U.S. Sentencing Guidelines. First, Singletary argues that the district court erred by not granting her a three-point sentence reduction for acceptance of responsibility. Second, Singletary contends that the district court erred by finding that her relevant conduct involved between 500 grams and 1.5 kilograms of crack cocaine. As this Court recently determined in *United States v. Booker*, 2004 WL 1535858 (7th Cir. July 9, 2004), the Supreme Court's decision in *Blakely v. Washington*, 2004 WL 1402697 (U.S. June 24, 2004), calls into doubt the constitutionality of the U.S. Sentencing Guidelines. *See also United States v. Penaranda*, 2004 WL 1551369 (2d Cir. July 12, 2004); *United States v. Pineiro*, 2004 WL 1543170 (5th Cir. July 12, 2004); *United States v. Montgomery*, 2004 WL 1562904 (6th Cir. July 14, 2004). Under *Blakely* as interpreted in *Booker*, a defendant has the right to have a jury decide factual issues that will increase the defendant's sentence. As *Booker* holds, the Guidelines's contrary assertion that a district judge may make such factual determinations based upon the preponderance of the evidence runs afoul of the Sixth Amendment. Thus, in light of the analysis set forth in *Booker*, we remand Singletary's case to the district court for resentencing.

## III. CONCLUSION

Singletary's challenge to the pretrial ruling against her has been waived by her unconditional guilty plea. However, Singletary's sentence is VACATED and the case will be REMANDED for resentencing consistent with this Court's opinion in *United States v. Booker*, 2004 WL 1535858 (7th Cir. July 9, 2004).

No. 03-3928                                                  5

A true Copy:

    Teste:

                    _____
                    *Clerk of the United States Court of*
                      *Appeals for the Seventh Circuit*